## STATE OF MISSOURI, Respondent, v. BENJAMIN SURKAMP, Appellant.

**St. Louis Court of Appeals, May 6, 1913.**

**FOOD: Sale of Imitation Butter: Sufficiency of Information.** An information charging that defendant unlawfully sold and offered for sale a substance designed to be used as a substitute for butter, to-wit, oleomargarine, was fatally defective for failure to charge that the substance was "imitation butter or made in the semblance of butter;" following State v. Shortell, ante. [REYNOLDS, P. J., dissents.]

Appeal from St. Louis Court of Criminal Correction. —*Hon. Benj. Klene,* Judge.

REVERSED AND REMANDED.

CAUSE CERTIFIED TO SUPREME COURT.

*Zachritz & Zachritz* for appellant.

*John P. Leahy* for respondent.

ALLEN, J.—The information in this case charges that the defendant, "on the 8th day of October, 1909, did, by a clerk, at stand No. 63 Union Market, in the city of St. Louis and State of Missouri, unlawfully sell and offer for sale a substance designed to be used as a substitute for butter, to-wit, oleomargarine," etc.

The prosecution is based upon the same statute which we had under consideration in State v. Shortell, just decided, and here, as there, the information fails to charge that the substance which it is alleged the defendant sold or offered to sell was "imitation butter," or made in the semblance of butter. For the reasons given in the Shortell case this information must be held insufficient to support a conviction.

Other questions involved need not be discussed. The judgment of the St. Louis Court of Criminal Correction should be reversed and the cause remanded. *Nortoni, J.,* concurs. *Reynolds, P. J.,* dissents in a separate opinion, and as he deems the decision rendered herein to be contrary to that of the Supreme Court in State v. Bockstruck, 136 Mo. 335, 38 S. W. 317, and in State v. Hilton, 248 Mo. 522, 154 S. W. 729, and to other decisions cited in his dissenting opinion, he asks that the cause be certified to the Supreme Court, which is accordingly done.

## DISSENTING OPINION.

REYNOLDS, P. J.—This case, both as to the information and its facts, presents no substantial points not covered by the opinon I wrote in State v. Maurer, *ante,* p. 164. The information is based upon the same section of the statutes, that is, what is now section 657, Revised Statutes 1909; the testimony is practically along the same lines, the instructions and action of the court in giving and refusing them practically follow the same line. Counsel make practically the same points for reversal and cite the very same authorities here as there.

I think that the judgment of the St. Louis Court of Criminal Correction in this case should be affirmed.

As my brethren do not agree to this and hold, on the authority of the opinion filed in State v. Shortell, *ante,* p. 153, that the information here is fatally defective, they order that the judgment be reversed and the cause remanded. As I think this is contrary to the decisions of our Supreme Court in State v. Bockstruck, 136 Mo. 335, 38 S. W. 317, and State v. Hilton, 248 Mo. 522, 154 S. W. 729, and to other decisions cited by me in my dissenting opinion in State v. Maurer, supra, and referring

to my dissenting opinion in that case for my reasons, I ask that this cause and the papers therein be certified to the Supreme Court.